UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CALVIN BEIDER,

                              Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                    14 CV 6563 (DRH) (ARL)

    - against -

RETRIEVAL MASTERS CREDITORS
BUREAU, INC. d/b/a/ AMCA OR AMERICAN
MEDICAL COLLECTION AGENCY,

                              Defendant.
------------------------------------------------------------X
**APPEARANCES:**

**EDWARD B. GELLER**
Attorney for Plaintiff
15 Landing Way
Bronx, NY 10464
By:    Edward B. Geller, Esq.

**ZELDES, NEEDLE & COOPER PC**
Attorneys for Defendant
1000 Lafayette Boulevard
Bridgeport, CT 06604
By:    Jonathan David Elliot, Esq.
          Sabato Pellegrino Fiano, Esq.
          Michael Anthony Carbone, Esq.

**HURLEY, Senior District Judge:**

       Plaintiff Calvin Beider ("plaintiff" or "Beider") brings this action against defendant Retrieval Masters Creditor's Bureau, Inc. d/b/a AMCA or American Medical Collection Agency ("RMCB" or "defendant")[1], alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Before the Court is defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c) or in the alternative

---

      [1] Although plaintiff brings this action on behalf of himself and all others similarly situated no motion for class certification has been made.

summary judgment pursuant to Rule 56.  For the reasons set forth below, defendant's motion for judgment on the pleadings is granted in part and denied in part, and the Court declines to convert defendant's motion into one for summary judgment because it can take judicial notice of certain documents submitted in support of the motion.

## BACKGROUND

The following facts are taken from the Complaint.

Defendant, on behalf of a third party, in an effort to collect an alleged consumer debt from plaintiff, sent plaintiff a letter dated July 7, 2014 ("the Letter").  The Letter "bore a border at the top of the page with white lettering reading: 'NATIONAL COLLECTION AGENCY.' " (Compl. ¶ 24.)  The Letter also "bore a 'letterhead' which featured a logo-type typeface design in large bold letters centered at the top of the page reading: 'AMCA.' " (*Id*. ¶ 25.)  Beneath this, defendant "centered the name '**AMERICAN MEDICAL COLLECTION AGENCY**.' " (*Id*.) The letterhead also featured the following address to the left of the recipient's address: 4 Westchester Plaza, Suite 110, Elmsford, New York 10523-0935.

The Complaint quotes the Letter as follows:

> You may believe that [creditor] will eventually forget about the $187.20 you owe for laboratory tests they performed.  However, it is our responsibility to make sure that neither our client nor [sic] you forgets this debt.  There is no longer any justification for not paying for the laboratory services that you received.  Withholding payment is not acceptable.  Your lack of response may place your credit record in jeopardy.
> You can resolve this problem easily before we are forced to take further collection steps.  Send us your remittance for $187.20 with the bottom portion of this letter, and we will promptly notify our client and remove your name from our delinquency files.
> Spare yourself further time on this matter. Pay this past-due bill today.

(*Id*. ¶ 26.) The Letter concluded without a closing signature and contained only a tear-off portion for payment.

## DISCUSSION

### I. *Standard of Review for Motion for Judgment on the Pleadings*

The standard for evaluating a motion for judgment on the pleadings, pursuant to Rule 12(c), is the same as the standard for a motion to dismiss under Rule 12(b)(6). *See Karedes v. Ackerley Group, Inc.,* 423 F.3d 107, 113 (2d Cir. 2005). In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2d Cir. 2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007); *accord Harris v. Mills,* 572 F.3d 66, 71–72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678; accord *Harris,* 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. *Iqbal,* 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.; accord* Harris, 572 F.3d at 72.

In making its determination, the Court is confined to "the allegations contained within the four corners of [the] complaint." *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 71 (2d Cir. 1998). However, this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be

taken. *See Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152–53 (2d Cir. 2002) (citations omitted); *Kramer v. Time Warner* Inc., 937 F.2d 767, 773 (2d Cir. 1991).

## II. *The FDCPA*

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The FDCPA 'establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the consumers whose debts they seek to collect of specified rights.' " *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (quoting *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)).

Here, plaintiff specifically claims that defendant has violated § 1692d, the preface of § 1692e, § 1692e(7), § 1692e(14), and § 1692f. Section 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692e provides, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> ….
>
> (7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.
>
> ….

> (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

Finally, § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

## III.  Defendant's Motion to Dismiss Plaintiff's Claims

### A.  Plaintiff's Claim Under 15 U.S.C. § 1692d

Although § 1692d lists various examples of prohibited conduct, plaintiff alleges that defendant has violated only the general preface of 1692d prohibiting harassing, oppressive, and abusive conduct in collection of a debt. Specifically, plaintiff claims that defendant violated § 1692d "by means of an objectionable and insulting letter sent to consumers," which "directs a series of abusive accusations to the recipients, including: that the recipient believes both the medical facility where laboratory tests were performed as well as Defendant will forget about a bill, that no justification exists for the recipient not paying the bill and that the recipient is deliberately withholding payment of the bill." (Compl. ¶ 30.) Plaintiff also claims that the Letter "threatens the consumer's credit record." (*Id.*) Plaintiff claims that defendant's "letter clearly was meant to intimidate and threaten Plaintiff, with its mocking tone ('You may believe that [creditor] will eventually forget about the $187.20 you owe . . . .") and veiled threat ('Your lack of response may place your credit records in jeopardy.')." (Pl.'s Mem. in Opp'n ¶ 5.)

Plaintiff has set forth a plausible § 1692d claim. The language of the Letter sets forth sufficient facts to support a claim that the Letter was meant to intimidate plaintiff, specifically in accusing the plaintiff of purposefully ignoring the debt and believing that the creditor would forget about it and warning plaintiff that it was defendant's job to make sure the debt was not forgotten. *See Rutyna v. Collection Accounts Terminal, Inc.*, 478 F. Supp. 980, 982 (E. D. Tenn.

5

1979) (finding FDCPA violation where "tone of the letter [was] one of intimidation and was intended as such in order to effect collection"). Moreover, defendant does not cite any authority for its conclusory position that plaintiff's § 1692d claim should be dismissed because "[t]he Letter makes no threats and engages in no intimidation." (Def.'s Mem. in Supp. at 13.) As a result, the Court will not dismiss plaintiff's § 1692d claim.

### B. *Plaintiff's Claims Under 15 U.S.C. §§ 1692e, 1692e(7), and 1692e(14)*

Plaintiff claims that defendant violated the preface of §1692e, which prohibits the debt collector from engaging in false, deceptive, and misleading communications, "by creating a mass-produced and disseminated letter which deceptively and falsely identifies itself as a legitimate corporation authorized to conduct business in the State of New York, when Defendant's professed name as featured on its correspondence, i.e., 'American Medical Collection Agency' does not exist in the database of corporations registered to conduct business with the Division of Corporations of the Secretary of State of New York, but is, in fact, listed with said office among 'inactive' corporations under the designation, 'Inactive – dissolution September 9, 1987.' " (Compl. ¶ 32.) Plaintiff claims further that defendant's "address, street number, suite number, city and zip code are attributed to another company in the New York Secretary of State database of corporations, being 'Retrieval-Masters Creditors Bureau, Inc.' " (*Id.*) According to plaintiff, defendant uses the fictitious name of American Medical Collection Agency "to suggest association with medical providers nationally and thereby intimidate and mislead consumers into attributing a national and/or medical authority to Defendant." (*Id.*) Plaintiff also claims that this behavior violates § 1692e(14), which prohibits debt collectors from using a name other than the true name of the debt collector's business.

Defendant argues in response that "the FDCPA does not itself define what is meant by 'true name' for purposes of this section" and that American Medical Collection Agency is a licensed trade name, and thus, the name qualifies as a true name under the statute. In support, it cites various cases in which courts determined that use of a licensed "trade name" did not violate § 1692e. *See e.g.*, *Kizer v. Amer. Credit & Collection*, 1990 WL 317475, at * 6 (D. Conn. Dec. 17, 1990) ("[T]he court holds that the name under which a debt collector is licensed to do business in the state of Connecticut is the debt collector's true name for purposes of the FDCPA."). Indeed, courts in this circuit have held as such. *See e.g., id.*; *Orenbuch v. North Shore Health Sys., Inc.*, 250 F. Supp. 2d 145, 151-52 (E.D.N.Y. 2003). Here, although by looking solely at the Complaint, it is not clear whether American Medical Collection Agency is a licensed trade name, defendant submits a copy of a license from the New York City Department of Consumer Affairs and a certificate from the New York Corporations and State Records Division demonstrating that American Medical Collection Agency is licensed to do business in New York. (Ex. B. to Decl. of Jeffrey S. Wollman.) Without converting this motion into one for summary judgment, the Court may take judicial notice of these documents in order to establish that defendant's use of a licensed trade name does not violate § 1692e. *See In re Methyl Tertiary Butyl Ether Prods. Liability Litig.*, 2013 WL 4008632, at *1 (S.D.N.Y. Aug. 2, 2013) (discussing the court's taking of judicial notice of party's licenses and permits issued by the Commonwealth of Puerto Rico). Therefore, plaintiff's § 1692e and § 1692e(14) claims based on use of a false name are dismissed with prejudice.

Additionally, the Court dismisses plaintiff's other claims with respect to the preface of § 1692e listed at paragraph 32 of the Complaint and summarized as "Defendant's untruthful characterization of the consumer and the consumer's actions or motives in written

communications." Although plaintiff submitted opposition papers to defendant's motion, he failed to dispute defendant's argument that these other claims were speculative and conclusory. As a result, the Court considers these claims abandoned by the plaintiff and dismisses them with prejudice. *See Youmans v. Schiro*, 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013) ("[P]laintiff's failure to respond to contentions raised in a motion to dismiss claims constitutes an abandonment of those claims.") and cases cited therein.

Plaintiff claims that defendant violated § 1692e(7), which prohibits a debt collector from representing that a consumer is guilty of disreputable conduct in order to disgrace him or her, by "writing to consumers such as Plaintiff, indicating that the fact that Plaintiff had not contacted Defendant earlier means that Plaintiff and consumers believe and/or hope that Defendant and their client will forget that a bill for laboratory tests exists," and then warning "aggressively" that it is defendant's responsibility to make sure neither the client nor the consumer forgets the debt. (Compl. ¶ 34.) The Complaint goes on to explain that the Letter "is designed purposely to characterize the consumer as deliberately refusing to pay a bill and hoping that the bill collector will forget that the bill exists if they continue refusing to pay" and "is a reprehensible attempt to embarrass, disgrace and shame consumers and to disparage the consumer's character." (*Id.*) Contrary to defendant's position, these allegations consist of more than just the language of the statute and do set forth how the plaintiff was disgraced, i.e., through defendant's attack on plaintiff's character by assuming that plaintiff was purposefully not paying the debt in hopes that it would be forgotten. *Compare Oscar v. Prof'l Claims Bureau, Inc.*, 2012 WL 2367128, at *4 (E.D.N.Y. Jun. 1, 2012) (dismissing § 1692e(7) claim where the Court could not see "how the language of the letter could be construed as a false representation or implication that [p]laintiff . .

. committed any crime or other disgraceful conduct"). As a result, the Court will not dismiss plaintiff's § 1692e(7) claim.

### C. *Plaintiff's Claims Under 15 U.S.C. § 1692f*

Defendant argues that plaintiff's § 1692f claims should be dismissed because they are repetitive of plaintiff's other claims. Plaintiff does not address this argument. Defendant is correct in that the "complaint is deficient because it fails to identify any misconduct beyond that which Plaintiff[] assert[s] violate other provisions of the FDCPA." *Oscar*, 2012 WL 2367128, at *5 (internal quotation marks and citation omitted); *Suquilanda v. Cohen & Slamowitz, LLP*, 2011 WL 4344044, at *9 (S.D.N.Y. Sept. 8, 2011) ("Where the allegations do not identify any misconduct beyond that which [p]laintiff[] assert[s] violate[s] other provisions of the FDCPA, plaintiff has not stated a claim for relief under section 1692f." (internal quotation marks and citation omitted)). Plaintiff's claim simply refers to defendant's alleged misconduct in assuming plaintiff was deliberately withholding payment in belief that the bill would be forgotten and in misidentifying themselves as a company not on record with the Secretary of New York State, conduct that is already encompassed in its other claims pursuant to § 1692d and § 1692e. As a result, plaintiff's § 1692f claim is dismissed. The dismissal is without prejudice and with the right to replead this claim to the extent plaintiff is able to allege any misconduct not already addressed pursuant to his other claims.

### D. *Plaintiff's Claims Under the Dodd-Frank Act*

Plaintiff claims that "[a]ccording to the Consumer Financial Protection Bureau Bulletin 2013-07, 'Under the Dodd-Frank Wall Street Reform and Consumer Protection Act (Dodd-Frank Act), all covered persons or service provides are legally required to refrain from committing unfair, deceptive, or abusive acts or practices (collectively, UDAAPs) in violation of the Act.'

9

Section 'B' of the CFPB Bulletin 2013-07 defines unfair and abusive practices to include an act or practice which causes or is likely to cause substantial injury to consumers and adds that a 'substantial injury' typically takes the form of monetary harm, but the injury does not have to be monetary because 'in certain circumstances emotional impacts may amount to or contribute to substantial injury.' . . . The CFPB Bulletin 2013-07, Section 'C' defines unfair and abusive practices to include the misrepresentation about whether information about a payment or non-payment would be furnished to a credit reporting agency." (Compl. ¶ 40.) Plaintiff claims that defendant violated Sections B and C "by demonstrating a callous lack of regard for the potential harm Defendant's aggressive and fear-inducing means and methods of intimidation . . . will have on the health and well-being of" the consumers and by communicating that consumers' lack of response would place their credit record in jeopardy. (*Id.* ¶ 41.)

Defendant argues that the plain language of the Dodd-Frank Act demonstrates clearly that plaintiff has no private cause of action for any alleged unfair, deceptive, abusive, or misleading acts or practices. Plaintiff does not point to any language of the Act suggesting that a private cause of action does exist, let alone respond to this argument at all. The Court is not aware of any language of Dodd-Frank explicitly providing for a private cause of action for unfair, deceptive, or abusive acts or practices. *See* 12 U.S.C. § 5531. Moreover, courts have commonly declined to read private causes of action into provisions of Dodd-Frank that do not explicitly provide for them. *Regnante v. Sec. Exchange Officials*, 2015 WL 5692174, at * 7 (S.D.N.Y. Sept. 28, 2015) (collecting cases). Similarly, the Court declines to do so here, and this cause of action is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, it is hereby ordered that defendant's motion for judgment on the pleadings is granted in part and denied in part. To the extent plaintiff wishes to replead his § 1692f claims, he shall do so within thirty days of this Order.

**SO ORDERED.**

Dated: Central Islip, New York
November 24, 2015

/s/
Denis R. Hurley
Unites States District Judge